### 21206. WHITEHEAD *v.* GRAHAM.

LUKE, J. It was not error for the judge of the superior court in this case to overrule a certiorari from a judgment of the appellate division of the municipal court of Atlanta, dismissing an appeal pending therein from a judgment of one of the trial judges of the municipal court, where the only ground of the appeal was the alleged failure of the trial judge to pass upon a demurrer to the plaintiff's original petition; it

appearing from the record that the original petition was materially amended upon the interposition of the demurrer, and that, after the amendment was made, the demurrer was neither renewed nor insisted upon, nor in any other way called to the attention of the trial judge. The fact that neither the demurrant nor his counsel was present at the trial, and that it does not appear that such absence was excusable, is beside the question. After a judgment duly rendered on a trial upon the merits of the case, the failure of the trial judge, in the circumstances, to rule upon the demurrer can not properly be made the subject-matter of a direct bill of exceptions or appeal to the appellate division of the municipal court, under the act creating the municipal court of Atlanta (Ga. L. 1927, p. 388), where no motion for a new trial is presented to the trial judge; the employment of direct bills of exceptions without a motion for a new trial being limited to instances where the judgment, decree, or verdict is necessarily controlled by a ruling, decision, decree, or charge of the trial court. Civil Code (1910), § 6144.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 12, 1932.

*Lowndes Calhoun,* for plaintiff in error.
*C. Holland Feagan,* contra.